NO. 07-11-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 27, 2012
_____

TOMADERICK ROBINSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2010-463,563; HONORABLE CECIL G. PURYEAR, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is an appeal by Tomaderick Robinson. He was convicted of failure to identify and sentenced to 270 days in jail and a $2,000 fine. There appears some suggestion that appellant absconded prior to his conviction and remains at large despite his conviction and sentence. This information led the court to ask both the State and counsel for appellant (which counsel filed the notice of appeal) about the matter. To that end, the court sent a letter to counsel of record directing "both

the State and appellant's counsel to verify in a form permitted by Rule 42.4 of the Texas Rules of Appellate Procedure whether appellant has escaped . . . ." They were also directed to address "whether the appeal should be dismissed" per Texas Rule of Appellate Procedure 42.4. "The verification [was] due no later than **5:00 p.m. on March 9, 2012.**" Replies to that directive have yet to be received. Accordingly, we abate the appeal and remand the cause to the trial court.

The trial court is ordered to schedule an evidentiary hearing, and afford reasonable prior notice of that hearing date to all parties of record, to determine 1) whether Tomaderick Robinson jumped bail or otherwise left without lawful permission the custody, control or jurisdiction of the trial court or State of Texas prior to his conviction and sentencing, 2) if so, when that occurred, 3) if so, whether he remains at-large, 4) the date his sentence was pronounced in open court, and 5) any other matters pertinent to these issues and appellant's desire to prosecute the appeal. The argument and evidence, if any, will be transcribed into a supplemental reporter's record, which record the trial court will cause to be filed with the clerk of this court by April 26, 2012. The trial court may also execute any written findings of fact and conclusions of law which it may deem relevant to the matter. If such written findings and conclusions are created, they shall be included in a supplemental clerk's record which the trial court will cause to be filed with the clerk of this court by April 26, 2012. Should further time be needed to complete the foregoing tasks, same must be requested before April 26, 2012.

It is so ordered.

Per Curiam

Do not publish.

2